GOODMAN v. CRYSTAL et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE— APPARENT DANGER.

Where, in order for plaintiff to reach that portion of defendant's factory where he had been ordered to go to work, it was necessary that he should pass under or over an iron lever by which a punch was operated, and he saw the boy operating the lever about to put it down, and called to him to stop, and the boy did not stop, and plaintiff, endeavoring to pass under, was struck on the head by the lever, he was guilty of contributory negligence.

Appeal from trial term, New York county.

Action by Abram Goodman against Moses Crystal and another. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

L. Sidney Carrere, for appellants.

Charles G. F. Wahle, for respondent.

HATCH, J. This action was brought to recover damages for alleged injuries to the plaintiff resulting from the negligence of the defendants. It appears that the plaintiff, a man 30 years old, was employed by the defendants as a cabinetmaker, in connection with the making of folding beds. He had been in the employ of the defendants for about six months, and his place of occupation was on the second floor of the building where the business was carried on. A part of his work was fixing the springs on the beds, and on the morning of the accident he was directed to go up to the third floor and fix some springs on folding beds on that floor. On the floor to which he was sent there was a machine called a "punch," operated by a long lever. The lever was of iron, 2 inches in diameter, 6 feet long, and weighing 18¾ pounds. The punch was 3 feet, and the lever was fastened 4 feet, above the floor; and, in operating it, it had to be raised 6 feet above the point where fastened. The lever extended 5 feet and 3 inches from the end of the punch, and, when down, extended across the open space between the punch and a partition which projected into the room and blocked the passageway, so that a person passing through the building along the third floor, from the point where plaintiff entered the room to the place where he was to do his work, was obliged, as testified by the plaintiff, to pass this punch over the space across which the lever extended when down; climbing over it when down, or passing under it when up. Plaintiff testified that he had never seen this machine before, but admits that he had been on the third floor to do the same kind of work at least three or four times. There was a window a few feet from the punch, and other windows around the room. As the plaintiff attempted to pass this punch about 10 or 11 o'clock in the morning, he was hit on the head by the lever, and received the injuries of which complaint is made. The punch was being operated by a young man 18 years old, and by a boy much younger. Schloss, the older boy, was feeding the plates into the machine, and the lad, who was only about 3½ feet or so in height, was working the lever. He had been taught the work by Schloss, who had formerly done the same work. It appears that he was much too small, and lacked strength for the work, and that the attention of the defendant Krellenstein had been called to his incapacity three days before the accident. When Goodman, the plaintiff, approached the punch, the lever was up. He saw the boy in the act of operating it, and told him to stop; that he had to pass through there. The boy did not stop, and the plaintiff attempted to pass under the lever, when, as he testified, "he left the lever on my head." Fenelli, the boy, testified that he did not hear

the plaintiff tell him to stop; that he was ordered by Schloss, whose helper he was, to go ahead; and that he pressed the lever down and struck the plaintiff on the head. Schloss testified that Goodman told the boy to stop, and at the same time he (Schloss) told him to go ahead; that he could have stopped, but did not. At the close of the plaintiff's case, and again at the close of the testimony, the defendant's counsel moved to dismiss the complaint, which motions were denied. The case was then submitted to the jury under a charge to which no exception was taken.

We think the judgment should be reversed because of the negligence of the plaintiff. In passing under this iron bar at the time he did, under the conditions which he plainly saw, the danger of which was clearly apparent, as is shown by the fact of his telling the boy to stop, he must be held to have assumed the risk. His own negligence clearly contributed to, if it was not the direct and proximate cause of, the accident. This plaintiff, an experienced workman, 30 years of age, was not justified in attempting to pass under the lever of that machine while in operation. He evidently recognized the necessity of stopping the working of the lever until he had passed under, as is apparent from his act in himself calling to the boy to stop it. It is not intimated that the machine was in any way defective. The danger was obvious, and plaintiff was bound, at his peril, to wait until the danger was removed, before attempting to pass by.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.